**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 1 9 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STEVEN CAMPISI, an individual; and DOES 1 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BROIDY CAPITAL MANAGEMENT, LLC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Los Angeles, Central District <br> 111 North Hill St., Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> **B C 4 2 0 1 8 1** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William J. Mall, III, Esq., Michelman & Robinson, LLP, 4 Hutton Centre, Suite 300, Santa Ana, CA 92707

| DATE: <br> *(Fecha)* JOHN A. CLARKE, CLERK | Clerk, by <br> *(Secretario)* | AMBER LaFLEUR-CLAYTON | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

AUG 1 9 2009

1. [✓] as an individual defendant. *Steve Campisi, an individual*
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [✓] by personal delivery on *(date):* 8-22-09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
*www.FormsWorkflow.com*

**EXHIBIT A**
**PAGE 4**

1  SANFORD L. MICHELMAN, ESQ. SBN 179702
   TODD H. STITT, ESQ. SBN 179694
2  WILLIAM J. MALL, III, ESQ. SBN 149062
   MICHELMAN & ROBINSON, LLP
3  4 Hutton Centre Drive, Suite 300
   Santa Ana, CA 92707
4  Telephone:   714-557-7990
   Facsimile:   714-557-7991
5

6  Attorneys for Plaintiff BROIDY CAPITAL MANAGEMENT, LLC, a limited liability
   company

7

8                     SUPERIOR COURT OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                 CENTRAL DISTRICT    B C 4 2 0 1 8 1

11  BROIDY CAPITAL MANAGEMENT,        )  Case No.
    LLC,                              )  Assigned For All Purposes to:
12                                    )  Hon.
                   Plaintiff,         )  Dept.
13                                    )
         v.                           )  COMPLAINT FOR:
14                                    )  1)  BREACH OF WRITTEN
    STEVEN CAMPISI, an individual; and)      CONTRACT;
15  DOES 1-50, inclusive,             )  2)  MONEY HAD AND RECEIVED;
                                      )  3)  BREACH OF PROMISSORY
16                 Defendants.        )      NOTE;
                                      )  4)  FRAUD;
17  _____  )  5)  CLAIM AND DELIVERY; and
                                      )  6)  DECLARATORY RELIEF
18                                    )
                                      )  Complaint Filed:
19                                    )

20

21       Plaintiff BROIDY CAPITAL MANAGEMENT, LLC ("BROIDY" or "Plaintiff")

22  hereby alleges, by the undersigned attorneys, upon personal information as to itself and

23  upon information and belief as to all other allegations as follows:

24                        GENERAL ALLEGATIONS

25       1.   At all times herein mentioned, Plaintiff BROIDY CAPITAL

26  MANAGEMENT, LLC ("BROIDY") was and is a limited liability company qualified

27  to do business in the State of California.

28

                                    1
                               COMPLAINT

Doc #95424

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 19 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
    AZELLA FLEUR-CLAYTON

2.    Plaintiff BROIDY is informed and believes, and based thereon alleges, that Defendant STEVEN CAMPISI ("CAMPISI") is an individual believed to be residing in the State of Nebraska, and claims an interest in the personal property that is the subject matter of this action.

3.    Plaintiff BROIDY is unaware of the true names and capacities of Defendants DOES 1 through 50, inclusive, and, accordingly, sues said Defendants by such fictitious names. Plaintiff BROIDY is informed and believes, and upon such information and belief, alleges that each of said Defendants is, in some fashion, responsible for the activities and actions herein alleged. When the true names and capacities of such fictitiously named Defendants, or any of them, are ascertained, Plaintiff BROIDY will amend this Complaint to allege same.

4.    Plaintiff BROIDY is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were acting as the agents, servants, employees, partners and/or principals of each other and, in doing the things hereinafter alleged, were acting within the course and scope of their duty and authority with the permission, knowledge, consent and ratification of each of the remaining Defendants.

## JURISDICTION

5.    Plaintiff BROIDY and Defendant CAMPISI entered into two written agreements, a Note Subscription Agreement, Exhibit "A" to this Complaint and a Promissory Note, Exhibit "B" to this Complaint, on or about August 21, 2007. CAMPISI signed both agreements. Jurisdiction is proper because the Note Subscription Agreement specifically provides, at Paragraph 3.2, that any lawsuit or litigation arising out of the agreement "shall be brought in the Courts of Los Angeles, California."

## FACTS COMMON TO ALL CAUSES OF ACTION

6.    As set forth above, on or about August 21, 2007, the parties entered into two written agreements, the lawful purpose of which was that Plaintiff BROIDY was to loan $225,000.00 to Defendant CAMPISI, in exchange for CAMPISI's written promise

2

COMPLAINT

1  to repay the principal, and to pay interest on that principal at an agreed upon rate.  Such

2  terms are fully set forth herein and in the agreements attached hereto as Exhibits "A"

3  and "B".

4      7.    The Promissory Note (Exhibit "B" to this Complaint), at Paragraph One,

5  provides that Plaintiff BROIDY fund the loan amount as follows:  Ninety Thousand

6  Dollars ($90,000.00) within one business day of the August 21, 2007 closing date,

7  Ninety Thousand Dollars ($90,000.00) on October 1, 2007, and Forty Five Thousand

8  Dollars ($45,000.00) on December 1, 2007.  Pursuant to such agreement, BROIDY did

9  fund such amounts.

10      8.    The Maturity date, by which the loan principal, and all outstanding

11  applicable interest, was to be paid, at the latest, by August 21, 2009, Paragraph One,

12  Exhibit "B".

13      9.    The Promissory Note also provides, at Paragraph One, that CAMPISI was

14  to pay interest at a rate of five percent (5.0%) per annum through August 21, 2008, or,

15  if the full principal was not repaid by August 21, 2008, the interest rate would become

16  nine point six percent (9.6%) per annum, retroactively applied to the then outstanding

17  balance from the date of the closing, August 21, 2007.

18      10.    The Note Subscription Agreement and the Promissory Note both provide

19  for the repayment of the principal and interest by CAMPISI in exchange for the loan of

20  the Two Hundred Twenty-Five Thousand Dollars ($225,000.00).  BROIDY reasonably

21  and specifically relied upon CAMPISI's promise to pay interest on the principal, as

22  well as his promise to repay the principal, in agreeing to loan the funds to CAMPISI.

23  Both the Note Subscription Agreement and the Promissory Note specifically reference

24  CAMPISI's agreement to pay interest on the principal amount, at specific intervals, as

25  well as repay the principal.  Without CAMPISI's promise to pay interest and repay the

26  principal, as reflected in both the Note Subscription Agreement and the Promissory

27  Note, BROIDY never would have lent such monies to CAMPISI.

28

3

**COMPLAINT**

Doc #95424

EXHIBIT A
PAGE 7

11.   At the time CAMPISI entered into the two agreements, he made express representations in those agreements to pay interest on the principal and repay the principal.

12.   At the time he represented that he would repay the principal and pay interest on the principal, CAMPISI had no intention to pay any interest or repay any principal.  His representations regarding the repayment of principal and payment of interest were false when he made them, and he made those false representations to induce BROIDY to rely on the false representations, and, through that reliance, to loan CAMPISI the principal.

13.   CAMPISI knew at the time he made the false representations regarding his intention to repay the principal and pay interest on the principal that BROIDY would not loan any amounts to him unless he promised, in writing, to repay all amounts borrowed, as well as agree to pay interest on all sums borrowed.

14.   BROIDY's insistence on two written agreements, both signed by CAMPISI, both reflecting CAMPISI's agreement to repay the principal and pay the interest pursuant to the schedule set forth in those agreements, evidences BROIDY's insistence on CAMPISI's written promise to repay the loan and pay interest.  Those express provisions also evidence CAMPISI's knowledge that, but for those written promises and agreements to repay the loan and pay interest on the principal, BROIDY would not agree to loan the money.

15.   Despite this knowledge, CAMPISI affirmatively, and specifically, represented, in writing, as reflected by the Note Subscription Agreement and the Promissory Note, that he would repay the principal and pay the interest, and he did so with the express intention to obtain the principal and then neither repay the principal, nor pay any interest.

16.   CAMPISI's false representations regarding his intention to repay the loan, and pay interest on the principal, were made oppressively, fraudulently, and

4
**COMPLAINT**

Doc #95424

1  maliciously, and were made with the express intention to obtain the principal and never
2  repay any amount of principal, or any amount of interest on that principal.

3      17.    As a result of CAMPISI's fraudulent representations, BROIDY did agree
4  to loan Two Hundred Twenty-Five Thousand Dollars ($225,000.00) to CAMPISI. But
5  for CAMPISI's fraudulent misrepresentation that he intended to repay the principal and
6  pay interest on that principal in accordance with the provisions set forth in the Note
7  Subscription Agreement and the Promissory Note, BROIDY would not have loaned
8  any amount to CAMPISI.

9      18.    Pursuant to the Note Subscription Agreement and the Promissory Note,
10  BROIDY delivered sums to CAMPISI sums totaling Two Hundred Twenty-Five
11  Thousand Dollars ($225,000.00) to CAMPISI.

12      19.    CAMPISI has never paid any interest on the principal. Said failure to pay
13  any interest is a material breach of the Note Subscription Agreement and the
14  Promissory Note.

15      20.    In addition to his failure to pay interest, CAMPISI has never repaid any
16  of the principal. Said failure to repay any principal is a material breach of the Note
17  Subscription Agreement and the Promissory Note.

18      21.    Neither the Note Subscription Agreement nor the Promissory Note contain
19  a provision providing a cure period.

20      22.    As a result of the lending of the principal, and CAMPISI's refusal to pay
21  any interest or repay the principal, BROIDY has been damaged in the amount of the
22  principal, as well as in the amount of the agreed-upon interest, as it has been denied the
23  use of the principal amount since that amount was delivered to CAMPISI pursuant to
24  the Note Subscription Agreement and the Promissory Note.

25  ///
26  ///
27  ///
28  ///

5
**COMPLAINT**

Doc #95424

## FIRST CAUSE OF ACTION
### Breach of Written Contract
(Against CAMPISI and DOES 1 through 50)

23.   Plaintiff BROIDY realleges and incorporates herein by reference, as though set forth in full, paragraphs 1 through 22, inclusive.

24.   As set forth above, on or about August 21, 2007, Defendant executed and delivered to Plaintiff BROIDY a Note Subscription Agreement (the "Agreement") for the original principal sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and is incorporated herein by this reference as though set forth in full.

25.   Additionally, on or about August 21, 2007, Defendant executed and delivered to Plaintiff BROIDY a Promissory Note (the "Note") with a maturity date of August 21, 2009 in the original principal sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00). A true and correct copy of the Note is attached hereto as Exhibit "B" and is incorporated herein by this reference as though set forth in full.

26.   Plaintiff BROIDY has performed all conditions and covenants required of it under the terms and conditions of the Agreement and Note, except insofar as performance thereof has been excused by reason of the breaches of Defendants CAMPISI and DOES 1 through 50, inclusive, and each of them, as alleged hereinbelow.

27.   Defendant CAMPISI has defaulted under the terms of the Agreement in that he has failed and refused and continues to fail to pay any interest or the principal as required under both the Note Subscription Agreement and the Promissory Note.

28.   Any default by Defendants on any of the documents related to the Note, which includes the Agreement, is an event of default on the Note.

29.   Upon an event of default on any terms of the Note, BROIDY may declare the unpaid balance on the Note and all accrued interest immediately due and owing, as set forth specifically in paragraph 7 of Exhibit "B".

6

Doc #95424

30.   Defendant was aware of the default and was aware that all amounts due were to be paid, but CAMPISI has failed and refused and continues to fail to pay the amounts due and owing under the Note.

31.   At this time, the unpaid principal balance due under the Note is the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), together with unpaid interest accruing thereon, and additional sums and interest from August 21, 2007 through the date of judgment, according to proof at trial.

32.   The Note provides that, in the event of default by Defendants CAMPISI and DOES 1 through 50, inclusive, and each of them, Plaintiff will be entitled to its attorneys' fees, costs of suit, and all other expenses incurred in the enforcement of the terms and conditions of the Note. As a result of said Defendants' breaches and defaults under the terms and conditions of the Note as described above, Plaintiff BROIDY has retained the services of Michelman & Robinson, LLP, and will incur legal fees, costs of suit, and other miscellaneous expenses in connection with the prosecution of this action. The exact amount of these attorneys' fees and costs will be established at the time of trial or by subsequent motion.

## SECOND CAUSE OF ACTION

### Money Had and Received

(Against Defendants CAMPISI and DOES 1 through 50)

33.   Plaintiff BROIDY realleges and incorporates herein by reference as though set forth in full, paragraphs 1 through 32 inclusive.

34.   Within the last four (4) years, in Los Angeles, California, CAMPISI became indebted to Plaintiff BROIDY in the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), with such interest accruing thereon.

35.   Although payment of the above sums due has been demanded, none of said amount has been paid leaving a principal balance of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), together with unpaid interest accruing thereon, and additional sums and interest from August 21, 2007 through the date of judgment,

7

**COMPLAINT**

Doc #95424

EXHIBIT A
PAGE 11

according to proof at trial.

### THIRD CAUSE OF ACTION

### Breach of Promissory Note

(Against Defendants CAMPISI and DOES 1 through 50)

36.    Plaintiff BROIDY realleges and incorporates herein by reference, as though set forth in full, paragraphs 1 through 35, inclusive of the General Allegations.

37.    As set forth above, on or about August 21, 2007, Defendant executed and delivered to Plaintiff BROIDY a Note Subscription Agreement (the "Agreement") for the original principal sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and is incorporated herein by this reference as though set forth in full.

38.    Additionally, on or about August 21, 2007, Defendant executed and delivered to Plaintiff BROIDY a Promissory Note (the "Note") with a maturity date of August 21, 2009 in the original principal sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00). A true and correct copy of the Note is attached hereto as Exhibit "B" and is incorporated herein by this reference as though set forth in full.

39.    The terms of the Note Subscription Agreement and Promissory Note include, among other things, the obligation of CAMPISI to make certain regular quarterly interest payments to Plaintiff BROIDY commencing November 21, 2007, with all subsequent interest payments due quarterly after that, and one final payment of all remaining unpaid principal plus all accrued and unpaid interest on August 21, 2009 (the "Maturity Date"). The interest rate on the Note was to be five percent (5%) per year in through August 21, 2008, at which point, if the principal was not fully paid, the interest would increase to nine point six percent (9.6%) per year, retroactively to the date of closing on any outstanding balance.

40.    Plaintiff BROIDY has performed all conditions and covenants required of it under the terms and conditions of the Note, except insofar as performance thereof has

8

**COMPLAINT**

Doc #95424

1  been excused by reasons of the breaches of Defendants CAMPISI and DOES 1 through
2  50, and each of them, as alleged herein below.

3       41.   The Note provides that CAMPISI is in default under the Note in the event
4  that it fails to make any payment when due, among other potential defaults. The Note
5  further provides that upon said non-payment, BROIDY shall be entitled to declare the
6  unpaid principal balance and all accrued unpaid interest immediately due, among other
7  remedies. Plaintiff BROIDY has declared, and by this Complaint further declares, all
8  amounts to be due and payable immediately and in full and further demands payment in
9  full.

10       42.   Defendants CAMPISI and DOES 1 through 50, and each of them, have
11  defaulted under the terms of the Note in that they have failed and refused to make all
12  regularly scheduled payments under the Note. Specifically, CAMPISI has failed to
13  make any interest payment when due, or at all, and has not repaid any principal.
14  CAMPISI has made no payments of any kind to BROIDY of any amount owing under
15  the Note Subscription Agreement.

16       43.   The unpaid balance due to Plaintiff BROIDY under the Note as of this
17  date, is Two Hundred Twenty-Five Thousand Dollars ($225,000.00), plus interest at
18  nine point six (9.6%) percent commencing from August 21, 2007 through the date of
19  any judgment, plus additional sums that are due according to the terms of the Note and
20  according to proof at trial.

21       44.   The Note Subscription Agreement and Promissory Note provide in the
22  event of default by Defendants CAMPISI and DOES 1 through 50, inclusive, and each of
23  them, Plaintiff BROIDY shall be entitled to its attorneys' fees, costs of suit, and all other
24  expenses incurred in the enforcement of the terms and conditions of the Note. As a result
25  of said Defendants' breaches and defaults under the terms and conditions of the Note, as
26  described above, Plaintiff BROIDY has retained the services of Michelman & Robinson,
27  LLP and will incur legal fees, costs of suit and other miscellaneous expenses in
28

9
COMPLAINT

Doc #95424

1    connection with the prosecution of this action. The exact amount of these fees and costs

2    will be established at the time of trial or by subsequent motion.

3                              **FOURTH CAUSE OF ACTION**

4                                        **Fraud**

5                       (Against Defendants CAMPISI and DOES 1 through 50)

6         45.    Plaintiff BROIDY realleges and incorporates herein by reference as

7    though set forth in full, paragraphs 1 through 44, inclusive, of the General Allegations

8    and Causes of Action.

9         46.    CAMPISI made false representations to BROIDY, regarding his intention

10   to repay the principal and interest on that principal, as set forth herein.

11        47.    CAMPISI's false representations were made to BROIDY with CAMPISI's

12   knowledge that BROIDY would never loan CAMPISI any sum without CAMPISI's

13   express written agreement to repay the principal of any loan and to pay interest on that

14   principal.

15        48.    With the knowledge that BROIDY required a written agreement to repay

16   the principal and pay interest on that principal, CAMPISI made the representations set

17   forth herein, specifically, the written representation that he intended to, and would,

18   repay the entire Two Hundred Twenty-Five Thousand Dollars ($225,000.00), and

19   would pay interest on that principal as set forth in the Note Subscription Agreement and

20   Promissory Note.

21        49.    CAMPISI's representations that he intended to and would in fact repay the

22   Two Hundred Twenty-Five Thousand Dollars ($225,000.00) and pay interest on that

23   amount pursuant to the Note Subscription Agreement and Promissory Note were false

24   when he made them. CAMPISI intended to, and did, take the Two Hundred Twenty-

25   Five Thousand Dollars ($225,000.00) without any intention to repay the principal or

26   pay any interest.

27        50.    CAMPISI knew, when he made the false representations regarding his

28   intention to repay the principal and pay interest as provided in the Note Subscription

10

**COMPLAINT**

Doc #95424

1    Agreement and the Promissory Note, that BROIDY would rely on those false
2    representations, and would loan him the Two Hundred Twenty-Five Thousand Dollars
3    ($225,000.00) based on those false representations.

4        51.    Absent CAMPISI's false representations to repay the principal and pay
5    interest pursuant to the Note Subscription Agreement and Promissory Note, BROIDY
6    would not have entered into any agreement to loan money to CAMPISI.

7        52.    BROIDY's reliance on CAMPISI's representations was reasonable.  The
8    Note Subscription Agreement and Promissory Note both contain terms which are in
9    widespread use to guarantee repayment of principal and payment of interest.

10       53.    BROIDY did, in fact, loan Two Hundred Twenty-Five Thousand Dollars
11   ($225,000.00) to CAMPISI because of his false representations, reflected in the Note
12   Subscription Agreement and Promissory Note, to repay the principal and pay interest
13   on that principal.

14       54.    Having obtained the loan proceeds by making the false representations,
15   CAMPISI has simply kept the principal and refused to make any payments under the
16   note.  He has made no payments, of wither principal or interest, to BROIDY.

17       55.    As a result of said CAMPISI's fraudulent representations concerning his
18   intention and agreement to repay the principal, and pay interest on that principal,
19   BROIDY has been damaged by the loss of the Two Hundred Twenty-Five Thousand
20   Dollars ($225,000.00), as well as the loss of use of that amount.

21       56.    Additionally, BROIDY has been damaged in an amount equal to the
22   agreed upon nine point six percent (9.6%) interest on the principal amount,
23   commencing August 21, 2007 through the date of any judgment in this matter.

24       57.    The actions of CAMPISI, specifically his fraudulent representations to
25   BROIDY that he intended to and would repay the principal and would further pay
26   interest on that principal, were done with malice, fraud and oppression, and were
27   specifically made to obtain the principal amount of the loan, and to unlawfully deprive
28

                                    11
                              **COMPLAINT**

1  BROIDY of that principal, without ever paying back any amount of the principal, and
2  without paying any interest.

3      58.    At all times mentioned during PLAINTIFFS' dealings with DEFENDANT
4  that the conduct of DEFENDANT, as described herein, was malicious, oppressive and
5  fraudulent within the meaning of California Civil Code § 3294 and done without
6  justification or privilege, thus entitling PLAINTIFF to an award of punitive and
7  exemplary damages in an amount appropriate to punish DEFENDANT and to make an
8  example of him to the community.

9      59.    As a further and proximate result of the fraud, breaches and defaults as
10 described herein, Plaintiff BROIDY has retained the services of Michelman &
11 Robinson, LLP and will incur legal fees and costs of suit in connection with the
12 prosecution of the within action.  Plaintiff BROIDY will seek leave of this court to
13 establish the exact amount thereof at the time of the trial.

**FIFTH CAUSE OF ACTION**

**Claim and Delivery**

(Against Defendants CAMPISI and DOES 1 through 50)

17     60.    Plaintiff BROIDY realleges and incorporates herein by reference as
18 though set forth in full, paragraphs 1 through 59, inclusive, of the General Allegations
19 and Causes of Action.

20     61.    The Note was secured and perfected by the Note Subscription Agreement
21 and the Promissory Note, both in favor of Plaintiff BROIDY, as beneficiary,
22 encumbering 6,250 Membership Units in Resilent, LLC.

23     62.    The Note Subscription Agreement and Promissory Note both contain an
24 agreement specifically pledging 6,250 Membership units of Resilent, LLC to Plaintiff
25 BROIDY, to be held until the note is satisfied.

26     63.    This section at all times since entering the Agreement has constituted, and
27 now constitutes, a lien and encumbrance on the Personal Property Collateral of
28 CAMPISI.

12

**COMPLAINT**

Doc#95424

**EXHIBIT A**
**PAGE 16**

1    64.    Plaintiff BROIDY is informed and believes and, based thereon alleges,

2  that, at all times herein relevant, the Personal Property Collateral was and is being used

3  for business purposes and in the ordinary course of such business by Defendants

4  CAMPISI and DOES 1 through 50, inclusive.

5    65.    Plaintiff BROIDY is informed and believes and, based thereon alleges,

6  that, at all times herein relevant, the Personal Property Collateral was and is being held,

7  pursuant to the Note Subscription Agreement.

8    66.    Pursuant to the terms of the Note Subscription Agreement and Promissory

9  Note and by reason of the breach thereof by Defendants CAMPISI and DOES 1

10  through 50, inclusive, and each of them, Plaintiff BROIDY is entitled to immediate

11  possession and control of the Personal Property Collateral and all proceeds thereof,

12  including the right to sell or liquidate the Personal Property Collateral and apply the

13  proceeds to the amounts due under the Note.

14    67.    Pursuant to the Note Subscription Agreement and Promissory Note, such

15  Personal Property Collateral should be ordered to be immediately conveyed to

16  BROIDY, pursuant to the terms of the Note Subscription Agreement and Promissory

17  Note.

18    68.    The Note Subscription Agreement and Promissory Note provide that, in

19  the event legal action is necessary to enforce its terms, Plaintiff BROIDY will be

20  entitled to its attorneys' fees and costs of suit incurred.  As a result of said Defendants'

21  breaches and defaults as described herein, Plaintiff BROIDY has retained the services

22  of Michelman & Robinson, LLP and will incur legal fees and costs of suit in

23  connection with the prosecution of the within action.  Plaintiff BROIDY will seek leave

24  of this court to establish the exact amount thereof at the time of the trial.

25  ///

26  ///

27  ///

28  ///

13

**COMPLAINT**

## SIXTH CAUSE OF ACTION

### Declaratory Relief

(Against Defendants CAMPISI and DOES 1 through 50)

69.    Plaintiff BROIDY realleges and incorporates herein by reference as though set forth in full, paragraphs 1 through 68, inclusive, of the General Allegations and Causes of Action.

70.    Declaratory relief is appropriate in this matter as a declaratory judgment will serve a useful purpose in clarifying the present controversy regarding the legal relationship and the issues between the parties and CAMPISI and liabilities between the same.

71.    CAMPISI executed the Note Subscription Agreement and Promissory Note in favor of BROIDY, and pledged 6,250 Membership Units of Resilent, LLC.

72.    CAMPISI has defaulted on the Note Subscription Agreement and Promissory Note, and BROIDY is entitled to possession of the Personal Property Collateral, the Resilent LLC shares.

73.    Based on the foregoing, BROIDY respectfully seeks a judicial determination and adjudication that such shares should be immediately conveyed, transferred, and delivered to BROIDY.

74.    The Note Subscription Agreement and Promissory Note provide that, in the event legal action is necessary to enforce its terms, Plaintiff BROIDY will be entitled to its attorneys' fees and costs of suit incurred.  As a result of said Defendants' breaches and defaults as described herein, Plaintiff BROIDY has retained the services of Michelman & Robinson, LLP and will incur legal fees and costs of suit in connection with the prosecution of the within action. Plaintiff BROIDY will seek leave of this court to establish the exact amount thereof at the time of the trial.

///

///

///

14

**COMPLAINT**

Doc #95424

EXHIBIT A
PAGE 18

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

#### (Against Defendants CAMPISI and DOES 1 through 50)

1.   For damages in the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), plus interest at nine point six percent (9.6%) from August 21, 2007 through the date of judgment, according to proof at trial; and For such other and further relief as the Court may deem just and proper.

2.   For attorneys' fees as provided in the Note Subscription Agreement and Promissory Note, according to proof at trial;

### ON THE SECOND CAUSE OF ACTION

#### (Against Defendants CAMPISI and DOES 1 through 50)

1.   For damages in the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), plus interest at nine point six percent (9.6%) from August 21, 2007 through the date of judgment, according to proof at trial; and

2.   For attorneys' fees as provided in the Note Subscription Agreement and Promissory Note, according to proof at trial;

### ON THE THIRD CAUSE OF ACTION

#### (Against Defendants CAMPISI and DOES 1 through 50)

1.   For damages in the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), plus interest at nine point six percent (9.6%) from August 21, 2007 through the date of judgment, according to proof at trial; and

2.   For attorneys' fees as provided in the Note Subscription Agreement and Promissory Note, according to proof at trial;

### ON THE FOURTH CAUSE OF ACTION

#### (Against Defendants CAMPISI and DOES 1 through 50)

1.   For damages in the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00), plus interest at nine point six percent (9.6%) from August 21, 2007 through the date of judgment, according to proof at trial; and

COMPLAINT

Doc #95424

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "A"        Note Subscription Agreement

17

COMPLAINT

Doc #195424

STEVEN CAMPISI

NOTE SUBSCRIPTION AGREEMENT

This Note Subscription Agreement (this "Agreement") is made as of August 21, 2007 by and between Steven Campisi, an individual (the "Borrower"), and Broidy Capital Management (the "Investor").

RECITALS

WHEREAS, Borrower and the Investor are both Unit-holders in Resilent, LLC (the "Company"); and

WHEREAS, the Company seeks to raise $1,100,000 in capital from existing Unit-holders; and

WHEREAS, Borrower's proportional contribution to this capital investment is to be $250,000 (the "Investment"); and

WHEREAS, Borrower wishes to borrow from the Investor an amount equal to $225,000 in order to fund a portion of the Investment; and

WHEREAS, Investor has agreed to make a loan subject to the terms and conditions of this Agreement and the Note (as defined below) to Borrower.

NOW, THEREFORE, for consideration duly acknowledged and received, the parties agree as follows:

I. The Note.

1.1    The Note.  Subject to the terms of this Agreement, the Investor agrees to loan to Borrower Two Hundred and Twenty-Five Thousand Dollars ($225,000) in three installments.  The first installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded within one business day of the Closing Date.  The second installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded on October 1, 2007.  The third installment, in the amount of Forty-five Thousand Dollars ($45,000), shall be funded on December 1, 2007. The Investor's loan shall be evidenced by a Promissory Note (the "Note") dated as of the Closing Date (as defined below) in the form attached hereto as Exhibit C.  Outstanding balances under this Note shall bear simple interest at a rate of five percent (5.0%) per annum through August 21, 2008, payable quarterly beginning on November 21, 2007.  In the event that the full principal and interest due are not paid in full as of August 21, 2008, the applicable rate shall increase to nine point six percent (9.6%) per annum and shall be applied to the outstanding balance retroactively to the date of the closing.  The principal of and all interest under this Note are due and payable on August 21, 2009 (the "Maturity Date").

1.2    Place and Date of Closing.  The closing of the transactions contemplated by this Agreement (the "Closing") will be held at the offices of the Investor at 1801 Century Park

EXHIBIT A
PAGE 21

East, Suite 2150, Los Angeles, California at 9:30 a.m. on August 21, 2007 or at such other time and place as the parties shall mutually agree (the "Closing Date").

  1.3  Delivery. At the Closing, Borrower shall deliver the Note to Investor, who shall then deliver to Borrower within one business day Ninety Thousand Dollars ($90,000) via cashiers check or wire transfer of immediately available funds to the Borrower's designated bank account.

  1.4  Use of Proceeds. The proceeds from the sale of the Note will be used by the Borrower solely for the purpose of investing in the Company.

  2. Conditions: Representations and Warranties: Covenants.

  2.1  Conditions to Obligations of the Investor. The Investor's obligations at the Closing are subject to the fulfillment, on or prior to the Closing Date, of all of the following conditions, any of which may be waived in whole or in part by the Investor, and all of which shall be deemed satisfied by Investor's execution of this Agreement:

    (a) At the Closing, the sale and issuance by the Borrower, and the purchase by the Investor, of the Note shall be legally permitted by all laws and regulations to which the Investor or the Borrower is subject.

  2.2  Representations and Warranties by the Investor. Investor hereby represents and warrants to Borrower that, when executed and delivered by Investor, this Agreement will constitute the valid and legally binding obligation of Investor, enforceable in accordance with its terms, except as limited by applicable bankruptcy, insolvency, reorganization, moratorium or other laws of general application relating to or affecting the enforcement of creditors' or security holders' rights.

  2.3  Representations and Warranties by Borrower. Borrower hereby represents and warrants to Investor that Borrower has all exclusive rights to and ownership of at least Six Thousand Two Hundred and Fifty (6,250) membership units in the Company. Borrower does further represent and warrant to Investor that such membership units are unencumbered and are not pledged to any third party.

  2.4  No Material Changes. Borrower shall not make any material changes to his primary business activities without first obtaining the written consent of Investor.

  2.5  Prepayment. Prepayment of the Note shall be permitted without penalty.

  2.6  Security Interest. Repayment of all amounts due to Investor under the Note, including repayment of all principal and unpaid interest, shall be secured by 12,500 membership units in the Company (consisting of 6,250 issued units currently held by Borrower and 6,250 units into which Borrower's Investment may be converted) or the equivalent thereof in the event of a subsequent conversion of the Company to a corporate structure. In the event that a portion of the principal is repaid, the number of units securing the amounts due to Investor under the Note shall be reduced pro-rata on the basis of the ratio of outstanding principal / $225,000.

Complst Subscription Agreement    2

Investor's security interest shall be perfected through the filing of proper UCC forms, which the Borrower shall promptly assist in the preparation of.

Further, it is contemplated that Michael Weaver, an attorney with the law firm of Lamson, Dugan and Murray, LLP, located in Omaha, Nebraska, shall take possession of the 6,250 issued units serving as collateral for the Note and shall retain possession of such units until such time as Broidy provides written confirmation that the Note has been repaid.

    2.7    Indemnity. The Borrower shall fully indemnify and hold harmless Investor and Elliott Broidy personally for any and all claims and liabilities of any sort arising from Investor making the Loan to Borrower.

  3. Miscellaneous.

    3.1    Waivers and Amendments. With the written consent of Borrower and Investor, the terms and provisions of this Agreement or the Note may be waived, modified or amended (either generally or in a particular instance, either retroactively or prospectively and either for a specified period of time or indefinitely). Neither this Agreement nor any provisions hereof or of the Note may be changed, waived, discharged or terminated orally, but only by a signed statement in writing.

    3.2    Governing Law. This Agreement shall be governed in all respects by the laws of the State of California as such laws are applied to agreements between California residents entered into and to be performed entirely within California. Any lawsuit or litigation arising under, out of, in connection with, or in relation to this Agreement, any amendment thereof, or the breach thereof, shall be brought in the courts of Los Angeles, California, which courts shall have exclusive jurisdiction over any such lawsuit or litigation.

    3.3    Successors and Assigns. This Agreement is not transferable by Borrower, whether by sale, pledge or other disposition, without the prior written consent of Investor which consent may be withheld in Investor's sole discretion. This Agreement is not transferable by Investor, whether by sale, pledge or other disposition, without the prior written consent of Borrower which consent may be withheld in the Borrower's sole discretion, except that the Investor may transfer this Agreement without such consent to an affiliate of the Investor. Notwithstanding the foregoing, any such transferee or assignee must agree to be bound by the terms of, and make the representations required by, the Note and this Agreement. Any transfer in violation hereof shall be void. Except as otherwise expressly provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto.

    3.4    Entire Agreement. The Agreement (including the exhibits attached hereto) and the other documents delivered pursuant hereto constitute the full and entire understanding and agreement between the parties with regard to the subjects hereof and thereof.

    3.5    Notices, etc. All notices and other communications required or permitted hereunder shall be effective upon receipt and shall be in writing and may be delivered in person, by telecopy, electronic mail, overnight delivery service or U.S. mail, in which event it may be

EXHIBIT A
PAGE 23

mailed by first-class, certified or registered, postage prepaid, addressed (a) if to Investor, at Investor's address set forth on the signature page of this Agreement, or at such other address as Investor shall have furnished Borrower in writing, or (b) if to Borrower, at its address set forth on the signature page of this Agreement, or at such other address as Borrower shall have furnished to Investor.

     3.6    <u>Separability of Agreement; Severability of this Agreement</u>. If any provision of this Agreement shall be judicially determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. The parties further agree to replace any such invalid, illegal or unenforceable provision with enforceable provisions, which will achieve, to the extent possible, the economic, business and other purposes of the invalid, illegal or unenforceable provisions.

     3.7    <u>Payment of Fees and Expenses</u>. Borrower and Investor shall each bear their own expenses incurred with respect to this transaction.

     3.8    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall be deemed to constitute one instrument.

     3.9    <u>Headings; Exhibits</u>. The headings in this Agreement are for convenience and ease of reference and are not to be considered in construction or interpretation of this Agreement nor as evidence of the intention of the parties hereto. All exhibits and attachments are incorporated herein by reference.

     3.10    <u>Interpretation</u>. No presumption or burden of proof or persuasion will be implied because this Agreement was prepared by or at the request of any party or its counsel.

     3.12    <u>Injunctive Relief</u>. The parties acknowledge and agree that breach of this Agreement by Borrower cannot adequately be recompensed by damages, that a remedy at law would be inadequate and accordingly Borrower agrees that in the event of such breach, Investor shall be entitled to such injunctive and equitable relief as a court of equity may determine. Borrower waives the requirement of Investor posting bond as a condition to seeking equitable relief.

     3.13    <u>Legal Counsel</u>. All of the parties to this Agreement acknowledge that they have had the opportunity to have the terms and conditions of this Agreement reviewed by outside counsel

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]*

EXHIBIT A PAGE 24

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed and delivered by their proper and duly authorized officer as of the date and year first written above.

STEVEN CAMPISI

By: _____
Name:    Steven Campisi

Address:  21050 Rawhide Road
          Elkhorn, Nebraska  68022

BROIDY CAPITAL MANAGEMENT

By: _____
Name:    Elliott Broidy
Title:   Chairman

Address:  1801 Century Park East
          Suite 2150
          Los Angeles, California  90067



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "B"        Promissory Note

COMPLAINT

Doc #95424

THE SECURITIES REPRESENTED BY THIS INSTRUMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER APPLICABLE STATE SECURITIES LAWS AND HAVE BEEN ACQUIRED FOR INVESTMENT PURPOSES ONLY AND NOT WITH A VIEW TO OR IN CONNECTION WITH ANY SALE OR DISTRIBUTION THEREOF. THE SECURITIES MAY NOT BE SOLD OR OTHERWISE TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT, EXCEPT UNDER CERTAIN SPECIFIC LIMITED CIRCUMSTANCES, AN OPINION OF COUNSEL FOR THE HOLDER REASONABLY SATISFACTORY IN FORM AND SUBSTANCE TO BORROWER THAT SUCH REGISTRATION AND QUALIFICATION ARE NOT REQUIRED.

## STEVEN CAMPISI

## PROMISSORY NOTE

Los Angeles, California
August 21, 2007

$225,000

### I. Principal and Interest.

Subject to the terms and conditions contained herein, Steven Campisi (the "Borrower"), an individual, for value received, hereby promises to pay to the order of Bredly Capital Management or holder ("Investor") in lawful money of the United States at 1801 Century Park East, Suite 2150, Los Angeles, California  90067, the principal amount of Two Hundred and Twenty-Five Thousand Dollars ($225,000), together with simple interest at a rate equal to five percent (5.0%) per annum through August 21, 2008, or, in the event that the full principal and interest due are not paid in full as of August 21, 2008, at a rate equal to nine point six percent (9.6%) per annum, applied to the outstanding balance retroactively to the date of the closing.

The loan documented by this note shall be funded in three installments. The first installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded within one business day of the Closing Date. The second installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded on October 1, 2007. The third installment, in the amount of Forty-five Thousand Dollars ($45,000), shall be funded on December 1, 2007.

The principal of this Note is due and payable on August 21, 2009 (the "Maturity Date"). Interest on the outstanding balance under this Note is due and payable quarterly beginning on November 21, 2007.

1

Capitalized terms used herein without definition shall have the meanings ascribed to them in that certain Note Subscription Agreement, dated as of the date hereof, by and between Borrower and Investor (the "Note Subscription Agreement"). This Promissory Note (this "Note") is the "Note" referred to in the Note Subscription Agreement. The Note Subscription Agreement contains terms and conditions governing the rights of Investor and Borrower, and all provisions of the Note Subscription Agreement are hereby incorporated herein in full by reference.

2.    Repayment.

(a)    Any payments made by Borrower to Investor to repay this Note shall (i) first be applied to interest accrued and (ii) second to outstanding principal.

(b)    Upon indefeasible payment in full of all principal, interest and other amounts, if any, due hereunder Borrower shall be forever released from all of its obligations and liabilities hereunder.

3.    Attorneys' Fees.  If the indebtedness represented by this Note or any part thereof is collected in bankruptcy, receivership or other judicial proceedings or if this Note is placed in the hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereunder, reasonable attorneys' fees and costs incurred by Investor.

4.    Prepayment.  Prepayment of the Note shall be permitted without penalty.

5.    Security Interest.  Repayment of all amounts due to Investor under the Note, including repayment of all principal and unpaid interest, shall be secured by 12,500 membership units in the Company (consisting of 6,250 issued units currently held by Borrower and 6,250 units into which the Investment may be converted) or the equivalent thereof in the event of a subsequent conversion of the Company to a corporate structure. In the event that a portion of the principal is repaid, the number of units securing the amounts due to Investor under the Note shall be reduced pro-rata on the basis of the ratio of outstanding principal / $225,000. Investor's security interest shall be perfected through the filing of proper UCC forms, which the Borrower shall promptly assist in the preparation of.

6.    Notices.  Any notice, other communication or payment required or permitted hereunder shall be in writing and shall be deemed to have been given upon delivery if delivered in accordance with the terms of the Note Subscription Agreement.

7.    Acceleration.  This Note shall become immediately due and payable if (i) Borrower commences any proceeding in bankruptcy or for liquidation, or other relief under state or federal bankruptcy laws; (ii) such proceedings are commenced against Borrower, or a receiver or trustee is appointed for Borrower or a substantial part of its property, and such proceeding or appointment is not dismissed or discharged within 60 days after its commencement; or (iii) Borrower materially breaches its obligations under the Note Subscription Agreement.

2

EXHIBIT A
PAGE 28

8.    : Waivers.  Borrower hereby waives presentment, demand for performance, notice of non-performance, protest, notice of protest and notice of dishonor.  No delay on the part of Investor in exercising any right hereunder shall operate as a waiver of such right or any other right.  This Note shall be construed in accordance with the laws of the State of New York, without regard to the conflicts of laws provisions thereof.  Any lawsuit or litigation arising under, out of, in connection with, or in relation to this Agreement, any amendment thereof, or the breach thereof, shall be brought in the courts of Los Angeles, California, which courts shall have exclusive jurisdiction over any such lawsuit or litigation.

9.    Assignment.  This Note is not transferable by Borrower, whether by sale, pledge or other disposition, without the prior written consent of Investor which consent may be withheld in Investor's sole discretion.  This Note is not transferable by Investor, whether by sale, pledge or other disposition, without the prior written consent of Borrower which consent may be withheld in Borrower's sole discretion, except that Investor may transfer this Note without such consent to an affiliate of Investor.  Notwithstanding the foregoing, any such transferee or assignee must agree to be bound by the terms of, and make the representations required by, this Note and the Note Subscription Agreement.  Any transfer in violation hereof shall be void.  Except as otherwise expressly provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto.

10.    IN WITNESS WHEREOF, Steven Campisi has caused this Promissory Note to be executed.

STEVEN CAMPISI

By: Steven Campisi

3

EXHIBIT A
PAGE 29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**BC420181**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West\*** | **311** | **CCW** |
| Pending Assignment | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

**EXHIBIT A**
**PAGE 30**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

EXHIBIT A
PAGE 31

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

### What is ADR:
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

### Mediation:
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration:
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation:
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conferences:
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT A
PAGE 32

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8587 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

**EXHIBIT A**
**PAGE 33**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William J. Mall, III, Esq. SBN 149062
Michelman & Robinson, LLP
4 Hutton Centre, Suite 300
Santa Ana, CA 92707
TELEPHONE NO.: 714-557-7990    FAX NO.: 714-557-7991
ATTORNEY FOR (Name): Broidy Capital Management, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 19 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KEI LaFLEUR-CLAYTON

CASE NAME:
Broidy Capital Management, LLC v Steven Campisi

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 4 2 0 1 8 1<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 18, 2009
William J. Mall, III, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A
PAGE 34

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**EXHIBIT A**
**PAGE 35**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Broidy Capital Management, LLC v Steven Campisi | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL **Five** ☐ HOURS/ ☑ DAYS

**Item II.** Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District.    5. Location of property or permanently garaged vehicle.<br>2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).   7. Location where petitioner resides.<br>3. Location where cause of action arose.    8. Location wherein defendant/respondent functions wholly.<br>4. Location where bodily injury, death or damage occurred.   9. Location where one or more of the parties reside.<br>5. Location where performance required or defendant resides.   10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

EXHIBIT A
PAGE 36

| | SHORT TITLE:<br>Broidy Capital Management, LLC v Steven Campisi | | CASE NUMBER | |
|---|---|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>–See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2.(5.) |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

**EXHIBIT A**
**PAGE 37**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Broidy Capital Management, LLC v Steven Campisi | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 8., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

**EXHIBIT A**
**PAGE 38**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Broidy Capital Management, LLC v Steven Campisi | |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | | ADDRESS: Broidy Capital Management, LLC 1801 Century Park East, Suite 2150 |
|---|---|---|
| CITY: Los Angeles | STATE: CA  ZIP CODE: 90067 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _August 10 , 2009_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT A**
**PAGE 39**

AT-115

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>William J. Mall, III, Esq. SBN149062<br>MICHELMAN & ROBINSON, LLP<br>4 Hutton Centre Drive, Suite 300<br><br>Santa Ana, CA 92707<br>TELEPHONE NO.: 714-557-7990    FAX NO.: 714-557-7991<br>ATTORNEY FOR *(Name):* Broidy Capital Management, LLC | FOR COURT USE ONLY |

NAME OF COURT: Superior Court of California, Los Angel
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: BROIDY CAPITAL MANAGEMENT, LLC

DEFENDANT: STEVEN CAMPISI, an individual; and DOES 1 50, inclusive

| NOTICE OF APPLICATION AND HEARING FOR<br>[X] RIGHT TO ATTACH ORDER<br>[X] ORDER FOR ISSUANCE OF<br>  [X] WRIT OF ATTACHMENT<br>  [ ] ADDITIONAL WRIT OF ATTACHMENT | CASE NUMBER:<br>BC420181 |
|---|---|

1. Notice to defendant *(name, address, and telephone number, if known):* Steven Campisi, 21050 Rawhide Road, Omaha, NE 68022

2. Plaintiff has filed an application for
   a. [X] a right to attach order and writ of attachment. *(Check Items 6a, 6b, and 6d(1).)*
   b. [X] a writ of attachment. *(Check item 6d(2). )*
   c. [ ] an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   Date: 10/05/2009    Time: 8:30 A.M.  [X] Dept. 66   [ ] Div.   [ ] Rm.:

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice.

5. Your attention is directed to the following sections of the Code of Civil Procedure that set forth when attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings. (Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020.)

6. You are notified that
   a. [X] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations, but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.
   b. [X] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.
   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

*(Continued on reverse)*

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>AT-115 [Rev. January 1, 2000] | **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO<br>ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)** | Page one of three<br>Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq. |

Legal Solutions Plus

Page one of three

**EXHIBIT A**
**PAGE 40**

| SHORT TITLE: BROIDY CAPITAL MANAGEMENT, LLC v STEVEN CAMPISI, an individual; and DOES 1-50, inclusive | CASE NUMBER: BC420181 |
|---|---|

6. d.  If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must no later than five court days prior to this hearing

    (1) [X] Include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

    (2) [X] file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

    If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

  e.  Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

  f.  You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

  g.  You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment shall be reduced by
    (1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable,
    (2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued,
    (3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations, or
    (4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

  h.  The amount to be secured by an attachment is determined pursuant to the following statutes:
    (1) **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.
    (2) **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).
    (3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:
      (a) the amount of any unsatisfied money judgment held by defendant against plaintiff;
      (b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);
      (c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and
      (d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

(Continued on page three)

**EXHIBIT A
PAGE 41**

| SHORT TITLE: BROIDY CAPITAL MANAGEMENT, LLC v STEVEN CAMPISI, an individual; and DOES 1-50, inclusive | CASE NUMBER: BC420181 |
|---|---|

(4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include:
    (a) the amount of rent past due when the complaint is filed;
    (b) an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus
    (c) estimated costs and attorney fees.

    Any prepaid rent or lease deposits held by plaintiff are disregarded in calculating the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 (above).

i.   Either you or your attorney or both of you may be present at the hearing.

j.   YOU MAY SEEK THE ADVICE OF AN ATTORNEY AS TO ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION, AND FOR THE HEARING.

Date: September 1, 2009                        MICHELMAN & ROBINSON, LLP

William J. Mall, III.....................
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)           (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**EXHIBIT A**
**PAGE 42**

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          ) ss:
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 4 Hutton Centre Drive, Suite 300, Santa Ana, California 92707.

On September 1, 2009, I served the foregoing document(s) described as: NOTICE OF APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

- SEE ATTACHED SERVICE LIST -

☒   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

☒   (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and available for inspection upon reasonable demand.

☐   (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

☐   (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Santa Ana, CA for overnight delivery;

☐   (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

☒   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before the Federal Courts.

Executed on September 1, 2009, at Santa Ana, California.

_____
Connie Hoylman-Megley

PROOF OF SERVICE

EXHIBIT A
PAGE 43

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
Broidy Capital Management, LLC v Steven Campisi
LASC Central Case No.: BC420181
Complaint date: 08/19/2009
Our File No.: 04520.0010

| Steven Campisi<br>21050 Rawhide Road<br>Omaha, NE 68022 | CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670 |
| --- | --- |
| | |

-2-
Service List

POS

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William J. Mall, III, Esq. SBN149062<br>MICHELMAN & ROBINSON, LLP<br>4 Hutton Centre Drive, Suite 300<br><br>Santa Ana, CA 92707<br>TELEPHONE NO.: 714-557-7990      FAX NO.: 714-557-7991<br>ATTORNEY FOR *(Name)*: Broidy Capital Management, LLC | |

NAME OF COURT: Superior Court of California, Los Angele
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF:  BROIDY CAPITAL MANAGEMENT, LLC

DEFENDANT: STEVEN CAMPISI, an individual; and DOES 1 50, inclusive

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [X] RIGHT TO ATTACH ORDER      [ ] TEMPORARY PROTECTIVE ORDER<br>[X] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br>       [ ] After Hearing     [ ] Ex Parte<br>       [ ] Against Property of Nonresident | BC420181 |

1. Plaintiff *(name)*: BROIDY CAPITAL MANAGEMENT, LLC
   applies [X] after hearing [ ] ex parte   for
   a. [X] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
       (1) [ ] property in defendant's possession.
       (2) [ ] documentary evidence in defendant's possession of title to property.
       (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*:  STEVEN CAMPISI, an individual

   a. [X] is a natural person who
       (1) [ ] resides in California.
       (2) [X] does not reside in California.
   b. [ ] is a corporation
       (1) [ ] qualified to do business in California.
       (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
       (1) [ ] has filed a designation under Corporations Code section 15800.
       (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

*(Continued on reverse)*

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000]

APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY
PROTECTIVE ORDER, ETC. (Attachment)

Legal
Solutions
& Plus

Page one of three
Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

**EXHIBIT A
PAGE 45**

| SHORT TITLE: BROIDY CAPITAL MANAGEMENT, LLC v STEVEN CAMPISI, an individual; and DOES 1-50, inclusive | CASE NUMBER: BC420181 |
|---|---|

6. [X]  Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based set forth with particularity in the
   a. [  ]  verified complaint.
   b. [X]  attached affidavit or declaration.
   c. [X]  following facts (specify):  See attached motion and affidavits.




8. The amount to be secured by the attachment is: $ 266,140.60
   a. [  ]  which includes estimated costs of: $
   b. [  ]  which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. [  ]  Any property of a defendant who is **not** a natural person.
   b. [X]  Any property of a nonresident defendant.
   c. [  ]  Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows (specify):




   d. [  ]  Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):




   e. [  ]  Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):




10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. [  ]  The court issued a Right to Attach Order on (date):
   (Attach a copy.)

12. [x]  Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]      **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**     Page two of three

**EXHIBIT A**
**PAGE 46**

| SHORT TITLE: BROIDY CAPITAL MANAGEMENT, LLC v STEVEN CAMPISI, an individual; and DOES 1-50, inclusive | CASE NUMBER:<br><br>BC420181 |
| --- | --- |

13.  a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment
            ☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
        (a) ☐ concealed.
        (b) ☐ substantially impaired in value.
        (c) ☐ made unavailable to levy by other than concealment or impairment in value.
   (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) ☐ other circumstances *(specify):*

   b.  The statements in item 13a are established by ☐ the attached affidavit or declaration
       ☐ the following facts *(specify):*

14. ☐ Plaintiff requests the following relief by temporary protective order *(specify):*

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☒ has not filed an undertaking.

Date: September 1, 2009                                    MICHELMAN & ROBINSON, LLP

William J. Mall, III.                            ▶ _____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)          (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 1, 2009                                    MICHELMAN & ROBINSON, LLP

William J. Mall, III.                            ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF DECLARANT)

16.  Number of pages attached: 2 - POS

| AT-105 [Rev. January 1, 2000] | APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment) | Page three of three |
| --- | --- | --- |

**EXHIBIT A**
**PAGE 47**

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

  I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 4 Hutton Centre Drive, Suite 300, Santa Ana, California 92707.

  On September 1, 2009, I served the foregoing document(s) described as: APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

  - SEE ATTACHED SERVICE LIST -

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

☒ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and available for inspection upon reasonable demand.

☐ (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Santa Ana, CA for overnight delivery;

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before the Federal Courts.

Executed on September 1, 2009, at Santa Ana, California.

         Connie Hoylman-Megley

**PROOF OF SERVICE**

**EXHIBIT A**
**PAGE 48**

1

## SERVICE LIST
Broidy Capital Management, LLC v Steven Campisi
LASC Central Case No.: BC420181
Complaint date: 08/19/2009
Our File No.: 04520.0010

| Steven Campisi<br>21050 Rawhide Road<br>Omaha, NE 68022 | CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670 |
|---|---|
| | |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
Service List

POS

AT-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William J. Mall, III, Esq. SBN149062<br>MICHELMAN & ROBINSON, LLP<br>4 Hutton Centre Drive, Suite 300<br><br>Santa Ana, CA 92707<br>TELEPHONE NO.: **714-557-7990**    FAX NO.: 714-557-7991<br>ATTORNEY FOR *(Name)*: Broidy Capital Management, LLC | |

NAME OF COURT: Superior Court of California, Los Angel
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: BROIDY CAPITAL MANAGEMENT, LLC

DEFENDANT: STEVEN CAMPISI, an individual; and DOES 1
50, inclusive

| [X] **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>BC420181 |
|---|---|

1.a. The application of plaintiff *(name)*: BROIDY CAPITAL MANAGEMENT, LLC
   for [X] a right to attach order and order for issuance of writ of attachment
   [ ] an order for issuance of additional writ of attachment
   against the property of defendant *(name)*: STEVEN CAMPISI, an individual
   came on for hearing as follows:
   (1) Judge *(name)*: Hon. Brett C. Klein
   (2) Hearing date: 10/05/2009   Time: 8:30 a.m.   [X] Dept.: 66   [ ] Div.:   [ ] Rm.:
   b. The following persons were present at the hearing:
   (1) [ ] Plaintiff *(name)*: BROIDY CAPITAL        (3) [ ] Plaintiff's attorney *(name)*:
        MANAGEMENT, LLC
   (2) [ ] Defendant *(name)*: STEVEN CAMPISI,        (4) [ ] Defendant's attorney *(name)*:
        an individual

2. THE COURT FINDS                    **FINDINGS**
   a. Defendant *(specify name)*: STEVEN CAMPISI, an individual   is a   [X] natural person   [ ] partnership
      [ ] unincorporated association   [ ] corporation   [ ] other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [ ] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [ ] The following property of defendant, described in plaintiff's application
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   i. [ ] An undertaking in the amount of: $                   is required before a writ shall issue, and plaintiff
      [ ] has   [ ] has not   filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date)*:                        pursuant to
      [ ] Code of Civil Procedure section 484.090 (on hearing)   [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other *(specify)*:

*(Continued on reverse)*

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-120 [Rev. January 1, 2000] | **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**<br>**FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)** | Legal<br>Solutions<br>& Plus | Code of Civil Procedure,<br>§§ 482.030, 484.090 |
|---|---|---|---|

| SHORT TITLE: BROIDY CAPITAL MANAGEMENT, LLC v STEVEN CAMPISI, an individual; and DOES 1-50, inclusive | CASE NUMBER: BC420181 |
|---|---|

## ORDER

3. THE COURT ORDERS

a. Plaintiff has a right to attach property of defendant (name): STEVEN CAMPISI, an individual

    in the amount of: $

b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

c. The clerk shall issue ☒ a writ of attachment    ☐ an additional writ of attachment    in the amount stated in item 3a
☒ forthwith    ☐ upon the filing of an undertaking in the amount of: $

    (1) ☐ for any property of a defendant who is not a natural person for which a method of levy is provided.

    (2) ☒ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows (specify): Any real property, personal property, equipment motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivable, general, intangibles, property subject to pending actions, final money judgments, and personalty in estates of decedents.

    (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows (specify):

    (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is (specify):

d. ☐ Defendant shall transfer to the levying officer possession of

    (1) ☐ any documentary evidence in defendant's possession of title to any property described in item 3c;

    (2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;

    (3) ☐ the following property in defendant's possession (specify):

---

**NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

---

e. ☐ Other (specify):

f. Total number of boxes checked in item 3: _____

Date: ▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF JUDGE OR COMMISSIONER)

| AT-120 [Rev. January 1, 2000] | **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)** | Page two |
|---|---|---|

**EXHIBIT A
PAGE 51**

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA ) |
| | ) ss: |
| 3 | COUNTY OF ORANGE ) |
| 4 | I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 4 Hutton Centre Drive, Suite 300, Santa Ana, California 92707. |
| 5 | On September 1, 2009, I served the foregoing document(s) described as: RIGHT TO ATTACH ORDER |
| 6 | FOR ISSUANCE OF WRIT OF ATTACHMENT on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows: |
| 7 | - SEE ATTACHED SERVICE LIST - |

| | |
|---|---|
| 8 | ☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, CERTIFIED MAIL |
| 9 | RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the |
| 10 | ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if |
| 11 | postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit; |
| 12 | ☒ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate |
| 13 | Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and available for inspection upon reasonable demand. |
| 14 | ☐ (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously |
| 15 | agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the |
| 16 | C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did |
| 17 | not report any error in sending the transmission. |
| 18 | ☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) |
| 19 | described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Santa Ana, CA for overnight delivery; |
| 20 | ☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile |
| 21 | transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand. |
| 22 | ☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true |
| 23 | and correct. |
| 24 | ☐ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to |
| 25 | practice before the Federal Courts. |
| 26 | Executed on September 1, 2009, at Santa Ana, California. |
| 27 | |
| 28 | Connie Hoylman-Megley |

**PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Broidy Capital Management, LLC v Steven Campisi
LASC Central Case No.: BC420181
Complaint date: 08/19/2009
Our File No.: 04520.0010

| Steven Campisi<br>21050 Rawhide Road<br>Omaha, NE 68022 | CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670 |
|---|---|

-2-

Service List

POS

**EXHIBIT A**
**PAGE 53**

AT-135

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William J. Mall, III, Esq. SBN149062<br>MICHELMAN & ROBINSON, LLP<br>4 Hutton Centre Drive, Suite 300<br>Santa Ana, CA 92707 | |

TELEPHONE NO.: 714-557-7990    FAX NO. *(Optional):* 714-557-7991
E-MAIL ADDRESS *(Optional):* WMall@mrllp.com
ATTORNEY FOR *(Name):* Broidy Capital Management, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: BROIDY CAPITAL MANAGEMENT, LLC

DEFENDANT: STEVEN CAMPISI, an individual; and DOES 1
50, inclusive

| **WRIT OF ATTACHMENT**<br>[X] AFTER HEARING    ☐ EX PARTE | CASE NUMBER:<br>BC420181 |
|---|---|

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: VENTURA

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant *(name and last known address):* Steven Campisi, 21050 Rawhide Road, Omaha, NE 68022

   and the attachment is to secure: $ 248,186.88

4. Name and address of plaintiff: Broidy Capital Management, LLC, 1801 Century Park East, Ste. 2150, Los Angeles, CA 90067

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment *(describe property and state its location; itemize by letter):* Any real property, personal property, equipment motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivable, general, intangibles, property subject to pending actions, final money judgments, and personalty in estates of decedents.
   ☐ This information is on an attached sheet.

6. ☐ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:
   a. Name:
   b. Mailing address, if known, as shown by the records of the office of the county tax assessor *(specify):*

7. ☐ The real property on which the
   ☐ crops described in item 5 _____ are growing
   ☐ timber described in item 5 _____ to be cut is standing stands upon the records of the county in the name of
   a. Name:
   b. Address:

[SEAL]

Date: _____    Clerk, by _____, Deputy

Form Approved for Optional Use
Judicial Council of California
AT-135 [Rev. January 1, 2003]

**WRIT OF ATTACHMENT**
(Attachment)

Legal
Solutions
Plus

Code of Civ. Proc., § 488.010

**EXHIBIT A
PAGE 54**

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 4 Hutton Centre Drive, Suite 300, Santa Ana, California 92707. .

On September 1, 2009, I served the foregoing document(s) described as: WRIT OF ATTACHMENT AFTER HEARING – COUNTY OF VENTURA on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

- SEE ATTACHED SERVICE LIST -

☒   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

☒   (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and available for inspection upon reasonable demand.

☐   (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

☐   (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Santa Ana, CA for overnight delivery;

☐   (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

☒   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before the Federal Courts.

Executed on September 1, 2009, at Santa Ana, California.

Connie Hoylman-Megley

PROOF OF SERVICE

**EXHIBIT A**
**PAGE 55**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SERVICE LIST

Broidy Capital Management, LLC v Steven Campisi

LASC Central Case No.: BC420181

Complaint date: 08/19/2009

Our File No.: 04520.0010

| Steven Campisi<br>21050 Rawhide Road<br>Omaha, NE 68022 | CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670 |
|---|---|
|  |  |

-2-

Service List

POS

EXHIBIT A
PAGE 56

1   SANFORD L. MICHELMAN, ESQ. SBN 179702
2   TODD H. STITT, ESQ. SBN 179694
    WILLIAM J. MALL, III, ESQ. SBN 149062
3   **MICHELMAN & ROBINSON, LLP**
    4 Hutton Centre Drive, Suite 300
4   Santa Ana, CA 92707
    Telephone:   714-557-7990
5   Facsimile:   714-557-7991

6   Attorneys for Plaintiff BROIDY CAPITAL MANAGEMENT, LLC, a limited liability
    company

7

8                    SUPERIOR COURT OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                        CENTRAL DISTRICT

11   BROIDY CAPITAL MANAGEMENT,      )   Case No. BC420181
     LLC,                            )   Assigned For All Purposes to:
12                                   )   Hon. Ronald M. Sohigian
                    Plaintiff,       )   Dept. 41
13                                   )
14        v.                         )   **PLAINTIFF'S MEMORANDUM OF**
                                     )   **POINTS AND AUTHORITIES IN**
15   STEVEN CAMPISI, an individual; and )  **SUPPORT OF APPLICATION FOR**
     DOES 1-50, inclusive,           )   **RIGHT TO ATTACH ORDER AND**
16                                   )   **ORDER FOR ISSUANCE OF WRIT OF**
                    Defendants.      )   **ATTACHMENT; DECLARATION OF**
17   _____ )   **ELLIOTT BROIDY IN SUPPORT**
                                     )   **THEREOF**
18                                   )
                                     )   [FILED AND SERVED CONCURRENTLY WITH
19                                   )   1. APPLICATION FOR RIGHT TO ATTACH ORDER
                                     )   AND ORDER FOR ISSUANCE OF WRIT OF
20                                   )   ATTACHMENT
                                     )   2. NOTICE OF APPLICATION FOR RIGHT TO
21                                   )   ATTACH ORDER AND ORDER FOR ISSUANCE OF
                                     )   WRIT OF ATTACHMENT
22                                   )   3. RIGHT TO ATTACH ORDER FOR ISSUANCE OF
                                     )   WRIT OF ATTACHMENT
23                                   )   4. WRIT OF ATTACHMENT]
24                                   )
                                     )   Date:        October 5, 2009
25                                   )   Time:        8:30 a.m.
                                     )   Dept:        66
26                                   )   Complaint Filed: 08/19/2009
27

28

                                      1
Doc #95600

                                        EXHIBIT A
                                        PAGE 57

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The basis for this Application for a Right to Attach Order (hereinafter "RTAO") and Order for Issuance of Writ of Attachment (hereinafter "W/A") is simple, Plaintiff BROIDY CAPITAL MANAGEMENT (hereinafter "BROIDY") is owed a sum of money in the amount of $266,140.60[1] (exclusive of litigation costs and attorneys' fees), by Defendant STEVEN CAMPISI (hereinafter "CAMPISI" or "Defendant") as a result of Defendant's breach of a Note Subscription Agreement and a Promissory note entered into by the parties on August 21, 2007 (hereinafter "Loan Agreements"). Pursuant to the terms of the Loan Agreements, BROIDY loaned $225,000.00 to CAMPISI, and CAMPISI agreed to make quarterly interest payments, and, further, to fully repay the $225,000.00 and all interest by August 21, 2009. CAMPISI has never made any interest or principal payments, and is in default of both Loan Agreements. As such, this Application for a Prejudgment Writ of Attachment is critically necessary to secure the sum of $266,140.60 which is indisputably owed to BROIDY. BROIDY can and has established the probable validity of its claim for the $266,140.60 as it is more likely than not that BROIDY will obtain a judgment against CAMPISI on its claims arising out of the Loan Agreements.

### II.    STATEMENT OF FACTS

Plaintiff BROIDY is a California limited liability company operating primarily in Los Angeles County in the business of managing private investments. Broidy Decl. ¶2. Defendant CAMPISI is or was a Unit-Holder in Resilent, LLC. In order to fund additional investment in Resilent, LLC, CAMPISI needed to borrow the investment funds. Broidy Decl. ¶4.

On or about August 21, 2007, BROIDY and CAMPISI entered into two written

---

[1] The calculation of interest and principal is set forth fully in the declaration of Elliott Broidy, attached to this Motion.

2

1   agreements, a Note Subscription Agreement and a Promissory Note, (hereinafter the

2   "Agreements") wherein BROIDY agreed to lend $225,000.00 to CAMPISI for the

3   investment, and CAMPISI agreed to make quarterly interest payments, and to pay back

4   the principal and all interest by August 21, 2009, as set forth in the Agreement.

5   (Attached hereto as Exhibit "A", Note Subscription Agreement, and Exhibit "B"

6   Promissory Note). Broidy Decl. ¶5-7.

7       Paragraph 1 of the Promissory Note provides in pertinent part:

8       Subject to the terms and conditions contained herein, Steven Campisi (the

9       "Borrower"), an individual, for value received, hereby promises to pay to the

10      order of Broidy Capital Management or holder ("Investor") in lawful money of

11      the United States at 1801 Century Park East, Suite 2150, Los Angeles, California

12      90067, the principal mount of Two Hundred and Twenty-Five Thousand Dollars

13      ($225,000) together with simple interest at a rate equal to five percent (5.0%) per

14      annum through August 21, 2008, or, in the event that the full principal and

15      interest due are not paid in full as of August 21, 2008, at a rate equal to nine point

16      six percent (9.6%) per annum, applied to the outstanding balance retroactively to

17      the date of the closing.

18          ...

19      The principal of this Note is due and payable on August 21, 2009 (the "Maturity

20      Date"). Interest on the outstanding balance under this Note is due and payable

21      quarterly beginning on November 21, 2007."

22      (See Exhibit "B")

23      The Note Subscription Agreement contains identical terms respecting

24      CAMPISI's obligations to repay the principal and interest:

25      "The Investor's loan shall be evidenced by a Promissory Note (the "Note") dated

26      as of the closing Date (as defined below) in the form attached hereto as Exhibit

27      C. Outstanding balances under this Note shall bear simple interest at a rate of

28      five percent (5.0%) per annum through August 21, 2008, payable quarterly

3

MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT

Doc #95600

**EXHIBIT A
PAGE 59**

1    beginning on November 21, 2007.  In the event that the full principal and interest

2    due are not paid in full as of August 21, 2008, the applicable rate shall increase to

3    nine point six percent (9.6%) per annum and shall be applied to the outstanding

4    balance retroactively to the date of the closing.  The principal of and all interest

5    under this Note are due and payable on August 21, 2009 (the "Maturity Date")."

6    (See Exhibit "A").

7        As above-mentioned, pursuant to the terms of the Agreement, CAMPISI was to

8    pay quarterly interest payments beginning November 21, 2007, Broidy Decl. ¶9,  and

9    was to have repaid the principal, in full, by August 21, 2009, which date has passed.

10    Broidy Decl. ¶11.  However, CAMPISI has made no interest payments, and has not paid

11    any principal. Broidy Decl. ¶12-14.

12        As a result, BROIDY has been deprived both of the use of the principal, and of

13    the receipt of the interest, because CAMPISI is in default of the loan agreements. Broidy

14    Decl. ¶15.

15        Plaintiff BROIDY has made demand upon Defendant CAMPISI that he satisfy

16    his obligations under the Agreements to deliver the interest and principal.  Broidy Decl.

17    ¶14.  CAMPISI, however, has failed to acknowledge and/or comply with his obligations

18    under the Agreements, has refused to pay any amount of interest or principal.  Broidy

19    Decl. ¶12-14.

20

21    **III.    THIS CLAIM IS PROPERLY THE SUBJECT OF A RIGHT TO ATTACH**

22    **ORDER AND WRIT OF ATTACHMENT AND IS ONE ON WHICH AN**

23    **ATTACHMENT MAY BE ISSUED**

24        California Code of Civil Procedure ("C.C.P.") § 483.010(a) entitles a plaintiff to

25    a right to attach order and writ of attachment where, as is presently the case, the

26    following elements are established:

27        "(a) Except as otherwise provided by statute, an attachment may be issued only in

28    an action on a claim or claims for money, each of which is based upon a contract,

4

MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT

Doc #95600

**EXHIBIT A**
**PAGE 60**

1    express or implied, where the total amount of the claim or claims is a fixed or readily

2    ascertainable amount not less than five hundred dollars ($500) exclusive of costs interest

3    and attorney's fees."

4         With respect to subsection (a), the present action clearly involves a claim for

5    money owed pursuant to a written contract (the Agreement).  Plaintiff has asserted a

6    claim for a fixed sum certain amount of $266,140.60 arising directly out of Defendant's

7    breach of the express Agreement entered into by the parties on August 21, 2007,

8    whereby Defendant was required to repay the principal, with interest of nine point six

9    percent (9.6%) per annum, or $266,140.60, as well as the costs associated with this

10   action as provided in the Promissory Note.

11

12   **IV.    A RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT ARE**

13   **PROPER WHERE, AS HERE, PLAINTIFF WILL UNDOUBTEDLY**

14   **SUCCEED ON THE MERITS OF THE CASE.**

15        To obtain a right to attach order and writ of attachment, a plaintiff need only

16   establish a probable validity of the claim upon which the application is based. C.C.P. §

17   484.090.  A claim has 'probable validity' where 'it is more likely than not that the

18   plaintiff will obtain a judgment against the defendant on that claim.' C.C.P. § 481.190.

19   Such a determination is uniquely within the discretion of the trial court, and is not likely

20   to be disturbed on appeal. Loeb & Loeb v. Beverly Glen Music, Inc. (1985) 166

21   Cal.App.3d 1110.

22        In this case, BROIDY has exceeded this burden by showing that it will

23   undoubtedly succeed on the merits. When BROIDY and CAMPISI entered into the

24   August 21, 2007 Agreements, it was both intended by the parties and memorialized in

25   the agreements that CAMPISI would make quarterly interest payments and would repay

26   the principal and all interest on or before August 21, 2009.

27        There is indisputable evidence that CAMPISI signed the Agreements and

28   received the principal of $225,000.00.  It is also indisputable that CAMPISI has failed to

Doc #95600

1　make any interest or principal payment, and that he is in default of the Note

2　Subscription Agreement and the Promissory Note. As such, CAMPISI currently owes

3　BROIDY at least $266,140.60 (exclusive of fees and costs), pursuant to the terms of the

4　Agreement. BROIDY has certainly met its probable validity burden.

5　　**A.**　**Broidy is Entitled to a Writ of Attachment Under Its Breach of**

6　　　　**Written Contract Cause of Action**

7　　　To prove a cause of action for breach of contract, "plaintiff must plead the

8　contract, his performance or excuse for nonperformance, defendant's breach, and

9　damage to plaintiff therefrom." Gautier v. General Telephone Company (1965) 234

10　Cal.App.2d 302, 305, 44 Cal.Rptr. 404.

11　　　In the present case, BROIDY has properly alleged each of the elements of a

12　cause of action for breach of contract. It is undisputable that the parties entered into two

13　written contracts on or about August 21, 2007 (the Agreements) whereby BROIDY

14　agreed to loan $225,000.00 to CAMPISI and CAMPISI promised to pay quarterly

15　interest payments to BROIDY beginning November 21, 2007, and to pay all interest and

16　principal by August 21, 2009.

17　　　Except as prevented or excused by CAMPISI's breaches, BROIDY has fully

18　performed its obligations under the contracts. Defendant CAMPISI clearly breached the

19　express terms of the contract requiring that CAMPISI make quarterly interest payments

20　commencing November 21, 2007 and pay all interest and principal by August 21, 2009,

21　as evidenced by CAMPISI's refusal to make any payments. Presently, CAMPISI is in

22　possession of at least $266,140.60 (exclusive of fees and costs) rightfully owed to

23　BROIDY pursuant to the terms of the Agreement. As such, BROIDY has properly

24　proven all elements to justify a Right to Attach Order and Writ of Attachment under its

25　Breach of Written Contract Cause of Action.

26　　**B.**　**Broidy is Entitled to a Writ of Attachment Under Its Declaratory**

27　　　　**Relief Cause of Action**

28　　　C.C.P. § 1060, which governs actions or declaratory relief, provides:

6

**MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT**

1    "Any person interested under a written instrument - - - a contract, or who desires

2    declaration of his or her rights or duties with respect to another - - - may, in cases of

3    actual controversy relating to the legal rights and duties of the respective parties, bring

4    an original action or cross-complaint in the superior court for a declaration of his or her

5    rights and duties in the premises, including a determination of any question of

6    construction or validity arising under the instrument or contract - - - The declaration

7    may be had before there has been any breach of the obligation in respect to which said

8    declaration is sought."

9        One purpose of a declaratory judgment is to serve some practical end in quieting

10   or stabilizing an uncertain or disputed jural relation and another purpose is to liquidate

11   doubts with respect to uncertainties or controversies which might otherwise result in

12   subsequent litigation. <u>Venice Town Council, Inc. v. City of Los Angeles</u> (1996) 47

13   Cal.App.4th 1547, 1566.

14       In the present case, BROIDY has alleged that it is entitled to a declaration of its

15   rights or duties with respect to CAMPISI, and that an actual controversy relating to the

16   legal rights and duties of the respective parties under the purchase agreement exists. As

17   C.C.P. 1060 provides, "the claim includes a determination of any question of

18   construction or validity arising under the subject contract, and may be had even before

19   there has been any breach of the obligation in respect to which said declaration is

20   sought."

21

22   **V.    THIS ATTACHMENT IS NOT SOUGHT FOR ANY PURPOSE OTHER**

23   **THAN TO SECURE RECOVERY ON THE CLAIM FOR $266,140.60**

24       To prevail on attachment, Plaintiff must demonstrate that the attachment is not

25   sought for any purpose other than to secure recovery on the claim. C.C.P. § 484.090; see

26   <u>Loeb & Loeb v. Beverly Glen Music, Inc.</u> (1985) 166 CA3d 1110, 1116. In the present

27   case, the sole purpose of this attachment application is to secure recovery of BROIDY's

28   claim for the fixed and readily ascertainable amount of $266,140.60, plus fees and costs.

7

Doc #95600

**EXHIBIT A**
**PAGE 63**

1    Broidy Decl. ¶8.

2

3    **VI.    CONCLUSION**

4         Based upon the foregoing, the attached Declarations, the Complaint and the

5    Application, this Court should issue a Right to Attach Order and Writ of Attachment to

6    maintain, because it is more likely than not that Plaintiff BROIDY will succeed and

7    obtain a judgment against Defendant CAMPISI for the amounts claimed.

8                                         **MICHELMAN & ROBINSON, LLP**

9

10   Dated: ____9-1____, 2009        By: _____

11                                         Sanford L. Michelman, Esq.
                                           Todd Harrison Stitt, Esq.
12                                         William J. Mall, III, Esq.
                                           Attorneys for Plaintiff BROIDY CAPITAL
13                                         MANAGEMENT, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          8

Doc #95600

### DECLARATION OF ELLIOTT BROIDY

I, Elliott Broidy, declare as follows:

1.    I am the founder and principal of Broidy Capital Management, one of the parties to this action. The facts set forth below are of my personal knowledge and belief, and if called to testify as a witness, I could and would competently testify thereto.

2.    Broidy Capital Management is a California Limited Liability company, headquartered in Los Angeles, and is in the business of private asset management.

3.    In approximately August, 2007, Broidy Capital Management was in negotiations with Steven Campisi ("Campisi") and Resilent, LLC, of which Campisi was a Unit-Holder.

4.    In August, 2007, Campisi was the Manager of Resilent, LLC, and also functioned as its Chief Executive Officer and President of Resilent, LLC. Resilent was engaged in the development of biometric identification devices and other systems for network identity access systems. Resilent, LLC needed investment, and Campisi sought to obtain funds so that he could invest those funds in Resilent, LLC.

5.    Broidy Capital Management offered to loan funds to Campisi so that he could invest in Resilent, LLC., in exchange for Campisi's promise to pay interest and repay the principal.

6.    Campisi agreed to the loan, and a Note Subscription Agreement was drawn up, which Campisi signed. A true and correct copy of that document is attached hereto as Exhibit "A".

7.    A Promissory Note was also created, and Campisi signed that note. A true and correct copy of that document is attached hereto as Exhibit "B".

8.    Upon Campisi's signing the Note Subscription Agreement and Promissory Note, Broidy Capital Management delivered the $225,000.00 principal to Campisi, pursuant to the terms of the note.

9.    As can be seen by Exhibits "A" and "B", Campisi was to have made quarterly interest payments beginning November 21, 2007.

9

10. The agreements also provide that, if the principal was not repaid by August 21, 2008, the interest rate would change from five percent (5.0%) per annum to nine point six percent (9.6%) per annum, retroactively to August 21, 2007.

11. All principal and interest were to be repaid by August 21, 2009.

12. Campisi has never made any interest payment on the loan.

13. Campisi has never made any principal payment on the loan.

14. Broidy Capital Management has made multiple demands for payment of both the interest payments and the principal, but Campisi has not responded. Specifically, on July 23, 2009, written demand was made for payment. Campisi ignored this demand.

15. As of the date of this declaration, Campisi has failed to make any payment, inclusive of any principal or interest, under the agreement/note. Pursuant to the agreement, to calculate the amount now owed, I took the date of each loan payment (three payments totaling $225,000), and calculated the interest owed from each date of payment, at a rate of 9.6 percent per annum (as per the agreement). The calculation is as follows:

| Amount | Date Funded | Date Due | Days | Interest Due |
|--------|-------------|----------|------|--------------|
| $90,000 | 08/21/07 | 08/21/09 | 732 | $17,327.34 |
| $90,000 | 10/01/07 | 08/21/09 | 691 | $16,356.82 |
| $45,000 | 12/01/07 | 08/21/09 | 630 | $ 7,456.44 |
| $225,000 | | | | $41,140.60 |

Based on the foregoing, total amount due is $266,140.60 (i.e. $225,000 in principal, plus $41,140.60 in interest).

16. The sole purpose of this attachment application is to secure recovery of Broidy Capital Management's claim for the loan principal and interest, $266,140.60, plus the attorney fees and costs associated with this action.

10

**MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT**

Doc #95600

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct, and that this declaration was executed on August _3/_, 2009,

3  at _Los Angeles_, California.

4                                               Elliott Broidy

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

Doc #95600

EXHIBIT A
PAGE 67

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

12

MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT

Doc #95600

## STEVEN CAMPISI

### NOTE SUBSCRIPTION AGREEMENT

This Note Subscription Agreement (this "Agreement") is made as of August 21, 2007 by and between Steven Campisi, an individual (the "Borrower"), and Broidy Capital Management (the "Investor").

### RECITALS

**WHEREAS,** Borrower and the Investor are both Unit-holders in Resilent, LLC (the "Company"); and

**WHEREAS,** the Company seeks to raise $1,100,000 in capital from existing Unit-holders; and

**WHEREAS,** Borrower's proportional contribution to this capital investment is to be $250,000 (the "Investment"); and

**WHEREAS,** Borrower wishes to borrow from the Investor an amount equal to $225,000 in order to fund a portion of the Investment; and

**WHEREAS,** Investor has agreed to make a loan subject to the terms and conditions of this Agreement and the Note (as defined below) to Borrower.

**NOW, THEREFORE,** for consideration duly acknowledged and received, the parties agree as follows:

1.  The Note.

    1.1    The Note. Subject to the terms of this Agreement, the Investor agrees to loan to Borrower Two Hundred and Twenty-Five Thousand Dollars ($225,000) in three installments. The first installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded within one business day of the Closing Date. The second installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded on October 1, 2007. The third installment, in the amount of Forty-five Thousand Dollars ($45,000), shall be funded on December 1, 2007. The Investor's loan shall be evidenced by a Promissory Note (the "Note") dated as of the Closing Date (as defined below) in the form attached hereto as Exhibit C. Outstanding balances under this Note shall bear simple interest at a rate of five percent (5.0%) per annum through August 21, 2008, payable quarterly beginning on November 21, 2007. In the event that the full principal and interest due are not paid in full as of August 21, 2008, the applicable rate shall increase to nine point six percent (9.6%) per annum and shall be applied to the outstanding balance retroactively to the date of the closing. The principal of and all interest under this Note are due and payable on August 21, 2009 (the "Maturity Date").

    1.2    Place and Date of Closing. The closing of the transactions contemplated by this Agreement (the "Closing") will be held at the offices of the Investor at 1801 Century Park

Campisi Subscription Agreement                              1

**EXHIBIT A
PAGE 69**

East, Suite 2150, Los Angeles, California at 9:30 a.m. on August 21, 2007 or at such other time and place as the parties shall mutually agree (the "Closing Date").

        1.3    Delivery. At the Closing, Borrower shall deliver the Note to Investor, who shall then deliver to Borrower within one business day Ninety Thousand Dollars ($90,000) via cashiers check or wire transfer of immediately available funds to the Borrower's designated bank account.

        1.4    Use of Proceeds. The proceeds from the sale of the Note will be used by the Borrower solely for the purpose of investing in the Company.

    2.    Conditions; Representations and Warranties; Covenants.

        2.1    Conditions to Obligations of the Investor. The Investor's obligations at the Closing are subject to the fulfillment, on or prior to the Closing Date, of all of the following conditions, any of which may be waived in whole or in part by the Investor, and all of which shall be deemed satisfied by Investor's execution of this Agreement:

        (a) At the Closing, the sale and issuance by the Borrower, and the purchase by the Investor, of the Note shall be legally permitted by all laws and regulations to which the Investor or the Borrower is subject.

        2.2    Representations and Warranties by the Investor. Investor hereby represents and warrants to Borrower that, when executed and delivered by Investor, this Agreement will constitute the valid and legally binding obligation of Investor, enforceable in accordance with its terms, except as limited by applicable bankruptcy, insolvency, reorganization, moratorium or other laws of general application relating to or affecting the enforcement of creditors' or security holders' rights.

        2.3    Representations and Warranties by Borrower. Borrower hereby represents and warrants to Investor that Borrower has all exclusive rights to and ownership of at least Six Thousand Two Hundred and Fifty (6,250) membership units in the Company. Borrower does further represent and warrant to Investor that such membership units are unencumbered and are not pledged to any third party.

        2.4    No Material Changes. Borrower shall not make any material changes to his primary business activities without first obtaining the written consent of Investor.

        2.5    Prepayment. Prepayment of the Note shall be permitted without penalty.

        2.6    Security Interest. Repayment of all amounts due to Investor under the Note, including repayment of all principal and unpaid interest, shall be secured by 12,500 membership units in the Company (consisting of 6,250 issued units currently held by Borrower and 6,250 units into which Borrower's Investment may be converted) or the equivalent thereof in the event of a subsequent conversion of the Company to a corporate structure. In the event that a portion of the principal is repaid, the number of units securing the amounts due to Investor under the Note shall be reduced pro-rata on the basis of the ratio of outstanding principal / $225,000.

EXHIBIT A
PAGE 70

Investor's security interest shall be perfected through the filing of proper UCC forms, which the Borrower shall promptly assist in the preparation of.

Further, it is contemplated that Michael Weaver, an attorney with the law firm of Lamson, Dugan and Murray, LLP, located in Omaha, Nebraska, shall take possession of the 6,250 issued units serving as collateral for the Note and shall retain possession of such units until such time as Broidy provides written confirmation that the Note has been repaid.

2.7    Indemnity.  The Borrower shall fully indemnify and hold harmless Investor and Elliott Broidy personally for any and all claims and liabilities of any sort arising from Investor making the Loan to Borrower.

3.  Miscellaneous.

3.1    Waivers and Amendments.  With the written consent of Borrower and Investor, the terms and provisions of this Agreement or the Note may be waived, modified or amended (either generally or in a particular instance, either retroactively or prospectively and either for a specified period of time or indefinitely). Neither this Agreement nor any provisions hereof or of the Note may be changed, waived, discharged or terminated orally, but only by a signed statement in writing.

3.2    Governing Law.  This Agreement shall be governed in all respects by the laws of the State of California as such laws are applied to agreements between California residents entered into and to be performed entirely within California. Any lawsuit or litigation arising under, out of, in connection with, or in relation to this Agreement, any amendment thereof, or the breach thereof, shall be brought in the courts of Los Angeles, California, which courts shall have exclusive jurisdiction over any such lawsuit or litigation.

3.3    Successors and Assigns.  This Agreement is not transferable by Borrower, whether by sale, pledge or other disposition, without the prior written consent of Investor which consent may be withheld in Investor's sole discretion.  This Agreement is not transferable by Investor, whether by sale, pledge or other disposition, without the prior written consent of Borrower which consent may be withheld in the Borrower's sole discretion, except that the Investor may transfer this Agreement without such consent to an affiliate of the Investor. Notwithstanding the foregoing, any such transferee or assignee must agree to be bound by the terms of, and make the representations required by, the Note and this Agreement. Any transfer in violation hereof shall be void.  Except as otherwise expressly provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto.

3.4    Entire Agreement.  The Agreement (including the exhibits attached hereto) and the other documents delivered pursuant hereto constitute the full and entire understanding and agreement between the parties with regard to the subjects hereof and thereof.

3.5    Notices, etc. All notices and other communications required or permitted hereunder shall be effective upon receipt and shall be in writing and may be delivered in person, by telecopy, electronic mail, overnight delivery service or U.S. mail, in which event it may be

mailed by first-class, certified or registered, postage prepaid, addressed (a) if to Investor, at Investor's address set forth on the signature page of this Agreement, or at such other address as Investor shall have furnished Borrower in writing, or (b) if to Borrower, at its address set forth on the signature page of this Agreement, or at such other address as Borrower shall have furnished to Investor.

       3.6    <u>Separability of Agreement; Severability of this Agreement</u>. If any provision of this Agreement shall be judicially determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. The parties further agree to replace any such invalid, illegal or unenforceable provision with enforceable provisions, which will achieve, to the extent possible, the economic, business and other purposes of the invalid, illegal or unenforceable provisions.

       3.7    <u>Payment of Fees and Expenses</u>. Borrower and Investor shall each bear their own expenses incurred with respect to this transaction.

       3.8    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall be deemed to constitute one instrument.

       3.9    <u>Headings; Exhibits</u>. The headings in this Agreement are for convenience and ease of reference and are not to be considered in construction or interpretation of this Agreement nor as evidence of the intention of the parties hereto. All exhibits and attachments are incorporated herein by reference.

       3.10    <u>Interpretation</u>. No presumption or burden of proof or persuasion will be implied because this Agreement was prepared by or at the request of any party or its counsel.

       3.12    <u>Injunctive Relief</u>. The parties acknowledge and agree that breach of this Agreement by Borrower cannot adequately be recompensed by damages, that a remedy at law would be inadequate and accordingly Borrower agrees that in the event of such breach, Investor shall be entitled to such injunctive and equitable relief as a court of equity may determine. Borrower waives the requirement of Investor posting bond as a condition to seeking equitable relief.

       3.13    <u>Legal Counsel</u>. All of the parties to this Agreement acknowledge that they have had the opportunity to have the terms and conditions of this Agreement reviewed by outside counsel

<em>[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]</em>

**EXHIBIT A**
**PAGE 72**

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed and delivered by their proper and duly authorized officer as of the date and year first written above.

STEVEN CAMPISI

By:

Name:    Steven Campisi

Address:  21050 Rawhide Road
          Elkhorn, Nebraska  68022

BROIDY CAPITAL MANAGEMENT

By:  _____

Name:    Elliott Broidy
Title:    Chairman

Address:  1801 Century Park East
          Suite 2150
          Los Angeles, California  90067

**EXHIBIT A
PAGE 73**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT

Doc #95600

EXHIBIT A
PAGE 74

THE SECURITIES REPRESENTED BY THIS INSTRUMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER APPLICABLE STATE SECURITIES LAWS AND HAVE BEEN ACQUIRED FOR INVESTMENT PURPOSES ONLY AND NOT WITH A VIEW TO OR IN CONNECTION WITH ANY SALE OR DISTRIBUTION THEREOF. THE SECURITIES MAY NOT BE SOLD OR OTHERWISE TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT, EXCEPT UNDER CERTAIN SPECIFIC LIMITED CIRCUMSTANCES, AN OPINION OF COUNSEL FOR THE HOLDER REASONABLY SATISFACTORY IN FORM AND SUBSTANCE TO BORROWER THAT SUCH REGISTRATION AND QUALIFICATION ARE NOT REQUIRED.

STEVEN CAMPISI

PROMISSORY NOTE

$225,000

Los Angeles, California
August 21, 2007

1.  Principal and Interest.

Subject to the terms and conditions contained herein, Steven Campisi (the "Borrower"), an individual, for value received, hereby promises to pay to the order of Broidy Capital Management or holder ("Investor") in lawful money of the United States at 1801 Century Park East, Suite 2150, Los Angeles, California 90067, the principal amount of Two Hundred and Twenty-Five Thousand Dollars ($225,000), together with simple interest at a rate equal to five percent (5.0%) per annum through August 21, 2008, or, in the event that the full principal and interest due are not paid in full as of August 21, 2008, at a rate equal to nine point six percent (9.6%) per annum, applied to the outstanding balance retroactively to the date of the closing.

The loan documented by this note shall be funded in three installments. The first installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded within one business day of the Closing Date. The second installment, in the amount of Ninety Thousand Dollars ($90,000), shall be funded on October 1, 2007. The third installment, in the amount of Forty-five Thousand Dollars ($45,000), shall be funded on December 1, 2007.

The principal of this Note is due and payable on August 21, 2009 (the "Maturity Date"). Interest on the outstanding balance under this Note is due and payable quarterly beginning on November 21, 2007.

1

Capitalized terms used herein without definition shall have the meanings ascribed to them in that certain Note Subscription Agreement, dated as of the date hereof, by and between Borrower and Investor (the "Note Subscription Agreement"). This Promissory Note (this "Note") is the "Note" referred to in the Note Subscription Agreement. The Note Subscription Agreement contains terms and conditions governing the rights of Investor and Borrower, and all provisions of the Note Subscription Agreement are hereby incorporated herein in full by reference.

2.    Repayment.

(a)    Any payments made by Borrower to Investor to repay this Note shall (i) first be applied to interest accrued and (ii) second to outstanding principal.

(b)    Upon indefeasible payment in full of all principal, interest and other amounts, if any, due hereunder Borrower shall be forever released from all of its obligations and liabilities hereunder.

3.    Attorneys' Fees.    If the indebtedness represented by this Note or any part thereof is collected in bankruptcy, receivership or other judicial proceedings or if this Note is placed in the hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereunder, reasonable attorneys' fees and costs incurred by Investor.

4.    Prepayment.    Prepayment of the Note shall be permitted without penalty.

5.    Security Interest.    Repayment of all amounts due to Investor under the Note, including repayment of all principal and unpaid interest, shall be secured by 12,500 membership units in the Company (consisting of 6,250 issued units currently held by Borrower and 6,250 units into which the Investment may be converted) or the equivalent thereof in the event of a subsequent conversion of the Company to a corporate structure. In the event that a portion of the principal is repaid, the number of units securing the amounts due to Investor under the Note shall be reduced pro-rata on the basis of the ratio of outstanding principal / $225,000. Investor's security interest shall be perfected through the filing of proper UCC forms, which the Borrower shall promptly assist in the preparation of.

6.    Notices.    Any notice, other communication or payment required or permitted hereunder shall be in writing and shall be deemed to have been given upon delivery if delivered in accordance with the terms of the Note Subscription Agreement.

7.    Acceleration.    This Note shall become immediately due and payable if (i) Borrower commences any proceeding in bankruptcy or for liquidation, or other relief under state or federal bankruptcy laws; (ii) such proceedings are commenced against Borrower, or a receiver or trustee is appointed for Borrower or a substantial part of its property, and such proceeding or appointment is not dismissed or discharged within 60 days after its commencement; or (iii) Borrower materially breaches its obligations under the Note Subscription Agreement.

2



EXHIBIT A
PAGE 76

8.    Waivers.  Borrower hereby waives presentment, demand for performance, notice of non-performance, protest, notice of protest and notice of dishonor.  No delay on the part of Investor in exercising any right hereunder shall operate as a waiver of such right or any other right.  This Note shall be construed in accordance with the laws of the State of New York, without regard to the conflicts of laws provisions thereof.  Any lawsuit or litigation arising under, out of, in connection with, or in relation to this Agreement, any amendment thereof, or the breach thereof, shall be brought in the courts of Los Angeles, California, which courts shall have exclusive jurisdiction over any such lawsuit or litigation.

9.    Assignment.  This Note is not transferable by Borrower, whether by sale, pledge or other disposition, without the prior written consent of Investor which consent may be withheld in Investor's sole discretion.  This Note is not transferable by Investor, whether by sale, pledge or other disposition, without the prior written consent of Borrower which consent may be withheld in Borrower's sole discretion, except that Investor may transfer this Note without such consent to an affiliate of Investor.  Notwithstanding the foregoing, any such transferee or assignee must agree to be bound by the terms of, and make the representations required by, this Note and the Note Subscription Agreement.  Any transfer in violation hereof shall be void.  Except as otherwise expressly provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto.

10.    IN WITNESS WHEREOF, Steven Campisi has caused this Promissory Note to be executed.

STEVEN CAMPISI

By:  Steven Campisi

3

**PROOF OF SERVICE**

1

STATE OF CALIFORNIA        )
                            ) ss:

COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 4 Hutton Centre Drive, Suite 300, Santa Ana, California 92707.

On September 1, 2009, I served the foregoing document(s) described as: PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT; DECLARATION OF ELLIOTT BROIDY IN SUPPORT THEREOF on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:        **- SEE ATTACHED SERVICE LIST -**

[X] (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

[X] (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and is available for inspection upon reasonable demand.

[ ] (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

[ ] (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Santa Ana, CA for overnight delivery;

[ ] (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before the Federal Courts.

Executed on September 1, 2009, at Santa Ana, California.

Connie Hoylman-Megley

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Broidy Capital Management, LLC v Steven Campisi

LASC Central Case No.: BC420181

Complaint date: 08/19/2009

Our File No.: 04520.0010

| Steven Campisi<br>21050 Rawhide Road<br>Omaha, NE 68022 | CERTIFIED MAIL RETURN RECEIPT REQUESTED, ARTICLE NUMBER 7004 1160 0003 1560 9670 |
|---|---|
| | |

-2-

Service List

POS