cc:

Superior Court of Los Angeles

Central District

Stanley Mosk Courthouse

111 North Hill Street

Los Angeles, CA  90012

Superior Court Case No. BC420181

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, | Case No. CV 09-06815 DDP (RCx) |
| Plaintiff, | **Order (1) Granting Plaintiff's Motion to Remand; (2) Denying Defendant's Motion to Dismiss, Abstain, or Transfer Venue** |
| v. | |
| STEVEN CAMPISI, an individual, | [Motions filed on September 25, 2009 and September 28, 2009] |
| Defendant. | |

Presently before the Court is Defendant Steven Campisi's Motion to Dismiss, Abstain, or Transfer Venue, and Plaintiff Broidy Capital Management, LLC's Motion to Remand.  After reviewing the parties' moving papers and hearing oral argument, the Court remands this case to state court, and denies Defendant's Motion to Dismiss, Abstain, or Transfer Venue as moot.

**I.   Background**

Plaintiff is a limited liability corporation based in California.  (Compl. ¶ 1.)  Defendant resides in the state of Nebraska.  (Id. ¶ 2.)  The parties entered into two written agreements, a Note Subscription Agreement and a Promissory Note, on

or about August 21, 2007.  (<u>Id.</u> ¶ 5.)  According to the Complaint, the agreements' purpose was to loan $225,000 to Defendant in exchange for his written promise to repay the principal with interest.  (<u>Id.</u> ¶ 6.)  The entire loan principal, and all applicable interest, was to be paid by August 21, 2009.  (<u>Id.</u> ¶ 8.)

Both agreements contained the following forum selection clause:

> Any lawsuit or litigation arising under, out of, in connection with, or in relation to this Agreement, any amendment thereof, or the breach thereof, shall be brought in the courts of Los Angeles, California, which courts shall have exclusive jurisdiction over any such lawsuit or litigation.

(Pl.'s Mot. Ex. A at 3., Ex. B at 3.)

Plaintiff brought this action in Los Angeles County Superior Court on August 19, 2009.  (Notice of Removal 1:25-27.)  Defendant removed to federal court on the basis of diversity of citizenship, (<u>Id.</u> 1:5-8), and then filed a Motion to Dismiss, Transfer Venue, or Abstain on September 25, 2009, (Dkt. No. 4.)  In his motion, Defendant contends that venue properly lies in Nebraska (where Defendant resides).  He also argues that the Court should stay this case pursuant to <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), pending the resolution of related actions in the Nebraska state courts.  Defendant filed a Motion to Remand on September 28, 2009.  (Dkt. No. 10.)

## II.  Discussion

A forum selection clause is presumptively valid, and the party seeking to avoid a forum selection clause bears a "heavy burden" to establish a ground upon which a federal court will conclude the

1    clause is unenforceable.  M/S Bremen v. Zapata Off-Shore Co., 407

2    U.S. 1, 17 (1972).

3        A forum selection clause may be mandatory or permissive.  See

4    N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel

5    Co., 69 F.3d 1034, 1036-37 (9th Cir. 1995).  "To be mandatory, a

6    clause must contain language that clearly designates a forum as the

7    exclusive one."  Id.  The clauses at issue in this case provide

8    that the courts of Los Angeles, California "shall have exclusive

9    jurisdiction" over any lawsuit "arising under, out of, in

10   connection with, or in relation to" the underlying agreements.

11   Federal courts have consistently held that this sort of language is

12   the mark of a mandatory forum selection clause.  See, e.g.,

13   Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir.

14   1989).  Accordingly, the Court construes the clauses as requiring

15   that this litigation proceed in "the courts of Los Angeles,

16   California."  (Pl.'s Mot. Ex. A at 3., Ex. B at 3.)

17       A mandatory forum selection clause may be unreasonable, and

18   thus unenforceable "(1) if the inclusion of the clause in the

19   agreement was the product of fraud or overreaching; (2) if the

20   party wishing to repudiate the clause would effectively be deprived

21   of his day in court were the clause enforced; and (3) if

22   enforcement would contravene a strong public policy of the forum in

23   which suit is brought."  Murphy v. Schneider Nat'l Inc., 362 F.3d

24   1133, 1140 (9th Cir. 2004).

25       Defendant has not shown that enforcement of the forum

26   selection clauses would be unreasonable.  He contends that

27   litigation in California would be costly and otherwise inconvenient

28   for him, but he does not suggest that Plaintiff's inclusion of the

3

forum selection clauses in the underlying agreements was the product of fraud, that he will effectively be deprived of his day in court, or that enforcement of the clauses offends California public policy.  Accordingly, the Court concludes that enforcement of the forum selection clauses is reasonable.

Finally, the Court construes both clauses' reference to the "courts of Los Angeles, California" as signifying the <u>state</u> courts. In <u>Doe 1 v. AOL LLC</u>, 552 F.3d 1077, 1081-82 (9th Cir. 2009) (per curiam), the Ninth Circuit held that a forum selection clause designating the courts "of," rather than "in," a state, refers to the state courts in that state.  <u>Accord</u> <u>Dixon v. TSE Int'l Inc.</u>, 330 F.3d 396, 398 (5th Cir. 2003) (interpreting "Courts of Texas, U.S.A." to mean Texas state courts, because "[f]ederal district courts may be in Texas, but they are not of Texas").

Applying, the same interpretive principle, a reference to the courts "of" a particular city, must be construed as identifying the state courts in that city.  Accordingly, the forum selection clause requires that this dispute be litigated in Los Angeles Superior Court.

Because the Court concludes that Plaintiff's Motion to Remand must be granted, Defendant's Motion to Dismiss, Transfer Venue, or Abstain is denied.

///

///

///

4

**III. Conclusion**

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand.  As the Court remands this case to Los Angeles Superior Court, Defendant's Motion to Dismiss, Transfer Venue, or Abstain is moot, and accordingly, it is DENIED.


IT IS SO ORDERED.



Dated: October 19, 2009

DEAN D. PREGERSON
United States District Judge

5